IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

ROBERT J. LANGSTON,           )
                              )
            Plaintiff,        )
v.                            )   Case No. 07-CV-250-JHP
                              )
THERMA-TRU CORP.,             )
                              )
            Defendant.        )

## ORDER AND OPINION

Before the Court are Defendant Therma-Tru Corp's Motion to Dismiss for Lack of Jurisdiction Over the Subject Matter and for Failure to State a Claim Upon Which Relief May be Granted[1] and brief in support [Docket Nos. 26, 27], and Plaintiff's Response in Opposition [Docket No. 33]. The Court finds the Motion to Dismiss for Lack of Jurisdiction Over the Subject Matter MOOT. The Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted is GRANTED in part and DENIED in part.

## BACKGROUND

Langston was employed by Therma-Tru from 1995 until he was fired in 2007. Langston was fired after an incident where he passed out at work, allegedly after overdosing on prescribed pain pills. Plaintiff alleges his firing violated the American with Disabilities Act ("ADA") and the Oklahoma Anti-Discrimination Act. Langston also alleges Therma-Tru breached the covenant of good faith and fair dealing "implied in all employer-employee relationships under Oklahoma law" and violated Oklahoma public policy when it fired him. (Compl. ¶¶ 42, 46.)

---

[1]The Court reminds Therma-Tru that LCvR 7.1 requires each motion to be filed as a separate pleading.

1

Therma-Tru filed the instant motion to dismiss on October 17th, 2007. Therma-Tru first alleges the complaint should be dismissed because Langston has failed to exhaust his administrative remedies, thus depriving this Court of subject matter jurisdiction. Indeed, as of October 17th, when the motion was filed, Langston had not yet received a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"). However, on January 3, 2008, the EEOC issued a right to sue letter and Langston amended his complaint to reflect that fact. Therma-Tru's failure to exhaust argument—which was based on Langston's failure to provide a right to sue letter from the EEOC— is therefore moot.

Therma-Tru also seeks dismissal of both Langston's breach of the covenant of good faith and fair dealing claim and Langston's violation of public policy claim as failing to state a claim upon which relief may be granted. Therma-Tru argues that: 1) Oklahoma law does not recognize breach of the covenant of good faith and fair dealing claims in cases involving at-will employment contracts, and 2) Oklahoma law does not recognize breach of public policy claims where there is an adequate federal statutory remedy—such as the ADA.

In response to Therma-Tru's first argument, Langston argues the breach of the covenant of good faith and fair dealing claim should not be dismissed because discovery has not progressed far enough for it to be determined whether his employment was at-will or otherwise. In response to Therma-Tru's second argument, Langston argues he should be allowed to plead his breach of public policy claim as an alternative to his federal ADA claim.

## **DISCUSSION**

The court applies the standards of Rule 12(b)(6) to determine if Langston's allegations are sufficient to state a claim upon which relief may be granted. Pursuant to Rule 12(b)(6), a party may

move to dismiss a claim for relief on the basis that it fails to state any claims upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In undertaking a Rule 12(b)(6) analysis, the Court accepts all well-pleaded allegations in a complaint as true and construes them in the light most favorable to the plaintiff. *See Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991). Under the liberal pleading rules set out by the Supreme Court in *Conley v. Gibson*, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957).

**A. The Breach of the Covenant of Good Faith and Fair Dealing Claim**

Under Oklahoma law, there is no implied covenant of good faith and fair dealing in at-will employment contracts. *Burk v. K-Mart Corp.*, 770 P.2d 24, 27 (Okla.1989). In general, at-will employment contracts may be terminated at will by either party. *Burk v. K-Mart Corp.*, 770 P.2d 24, 26 (Okla.1989). However, at-will employment may, under some circumstances, be converted by implied contract to employment which may only be terminated on certain grounds. *Dupree v. United Parcel Serv., Inc.*, 956 F.2d 219, 222 (10th Cir.1992). Such a conversion can occur when statements made in employee handbooks are construed as creating an implied employment contract. *See Langdon v. Saga Corp.*, 569 P.2d 524 (Okl.App.1977).

In the present case, Langston argues that discovery has not progressed to the point where it can be determined whether his employment was at-will or otherwise—Langston has not yet even been provided a complete copy of Therma-Tru's employee handbook. Langston therefore argues that it is simply too early to tell whether any language in the employee handbook might be construed as creating an implied contract of employment. The Court agrees. Without additional discovery, the Court cannot conclude that it is "beyond doubt that the plaintiff can prove no set of facts in support

3

of his claim which would entitle him to relief."

Therefore, the Court finds that dismissal of Langston's breach of the covenant of good faith and fair dealing claim would be premature at this time.

**B. The Breach of Public Policy Claim**

Langston has alleged in the alternative that the termination of his at-will employment—should his employment ultimately be deemed as such—was in violation of Oklahoma public policy. Such a wrongful termination falls within the narrow *Burk* exception to the general rule that at-will employment can be terminated for any reason. *Burk v. K-Mart Corp.*, 770 P.2d 24, 29 (Okla.1989). However,

> the Oklahoma Supreme Court has held that when an employer discharges a terminable-at-will employee based on the employee's status and the reason for the discharge violates Oklahoma's clear and compelling public policy, but the employee has an adequate federal statutory remedy for the wrongful discharge, the employee may not also bring a tort claim under *Burk v. K-Mart* for wrongful discharge in violation of Oklahoma's public policy.

*Tesh v. U.S. Postal Service* 215 F.Supp.2d 1220, 1230 (N.D.Okla. 2002)(citing *Clinton v. State of Oklahoma*, 29 P.3d 543, 544-45 (Okla.2001)).

Here, Langston clearly has an adequate federal remedy under the ADA and has, in fact, asserted an ADA claim. Langston argues that he should be allowed to assert his state law *Burk* claim as an alternative pleading. However, in *Tesh,* the court held that a plaintiff was precluded from bringing a state law *Burk* claim simultaneously with federal ADA and Rehabilitation Act claims:

> Plaintiff has a federal statutory remedy under the Rehabilitation Act which adequately protects any policy Oklahoma has against handicap discrimination. Plaintiff is, therefore, precluded from asserting a *Burk* claim in this case and has failed to state a claim for which relief can be granted under Oklahoma law.

*Tesh v. U.S. Postal Service,* 215 F.Supp.2d 1220, 1230 (N.D.Okla. 2002). This Court agrees with

the *Tesh* court's reasoning and finds that the Oklahoma Supreme Court, in deciding *Clinton v. State of Oklahoma*, did not authorize the type of alternative pleading Langston asks this Court to allow.

Therefore, the Court finds that Langston is precluded from asserting a *Burk* claim for violations of public policy, and that claim must be dismissed.

## **CONCLUSION**

For the reasons set forth herein, the Court GRANTS in part, and DENIES in part, Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted. The Motion to Dismiss for Lack of Jurisdiction Over the Subject Matter has been rendered MOOT by Langston's filing of an amended complaint along with a right to sue letter from the EEOC.

IT IS SO ORDERED this 18th day of January, 2008.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma